No. 2,529.

IN THE MATTER OF THE ESTATE OF DANIEL MILLER, DECEASED.

PROBATE PRACTICE.—PUBLICATION OF NOTICE.—Notice of an application to admit to probate an alleged will under Section 13, or a copy of such will, with an authenticated probate thereof under Section 28 of the Probate Law, is not "a summons, notice or advertisement" required to be published in the "State Paper" under the Act of March 29, 1870.

APPEAL from the Probate Court of the City and County of San Francisco.

The facts are stated in the opinion.

R. W. Hent, for Appellant.

J. R. Jarboe and M. C. Blake, of Counsel.

First—The publication of the notice ordered by the Probate Judge, and actually made, was sufficient under the law as it stood up to March 29, 1870. (Probate Act, Secs. 13 and 17.)

*Second*—The Act of March 29, 1870, did not avoid the validity of a notice made and published under Section 13 of the Probate Act, because Section 17 of the Probate Act is not repealed by any express term of the State Paper Act.

The Act of March 29th, 1870, does not, by necessary implication, repeal Sections 13 and 17 of the Probate Act. It cannot be contended that a subsequent Act of Parliament will not control the provisions of a prior statute, *if it was intended* to have that operation. But it has been held that even if there be negative words in the latter statute it shall not be a repeal of the former, provided they can reasonably stand together. (Foster's Case, 11 R. 63.)

The steps taken in the Probate Court to cause the admission to probate of a will are not an *adversary proceeding* between *parties* within the meaning of Section 3 of the State Paper Act. It is a proceeding *"in rem."* (*State* v. *McGlynn*, 20 Cal. 270 ; *Keeny* v. *Whitmarsh*, 16 Barb. 141–145.)

The "notice" required by Section 13 of the Probate Act is not a notice *"against"* a non-*resident* within the meaning of said Section 3, because it does not bind anybody or anything. By the express term of Section 36 of the Probate Act the probate of the will is left inchoate and open to attack for a whole year after the date of the order admitting it to probate.

*Third*—The notice provided for by Section 13 of the Probate Act is not a notice *as against a non-resident* (Section 3 of State Paper Act), and is therefore not a notice required by that Act.

Section 13 of the Probate Practice Act does not anywhere require notice to be published against non-residents. It does not require that notice should in any way be given to *all persons interested*. It simply provides that notice of the time for proving the will shall be given by publication in a newspaper printed in the county, for at least ten days, or by posting, if no newspaper is printed in the county.

*Fourth* — Publication is not *required by law* within the meaning of State Paper Act, by Section 13 of the Probate Act.

The Act last named (Section 2, Hittell's Digest, Section

5711) requires a printed notice when a paper is published in the county of the Court, but if no paper is published in the county, then *posted notices will suffice.*

A printing is not thus *imperatively* required, and unless printing is *required* (see Stat. of 1869–70, 510, Sec. 3), the State Paper printing is not required.

*Fifth*—The Practice Act (Section 31) has been amended so as to avoid the difficulty presented in the Probate Act, for, by the amendment passed in 1870 (Stat. of 1869–70, p. 511), if a *summons* is printed in the State Paper it need not be printed elsewhere. No similar provision was inserted in the Probate Act, which, to our minds, is conclusive evidence that no interference with the Probate Act was intended.

*Sixth*—The provisions of the third section of the Act providing for a State Paper do not apply in cases under the Act to regulate the settlement of the estates of deceased persons, for the reasons following: First— When notice is required to be published by the latter Act, it is by virtue of particular provisions which are complete by themselves, and the provisions of the former Act will not be held to apply in the absence of express declaration or necessary implication. Second—There is a sense in which the words "civil actions or proceedings" may include proceedings in the Probate Courts, but in the case in question, the more reasonable conclusion seems to be that they were only intended to include such actions and proceedings as are had in the District and County Courts, and are regulated by the Civil Practice Act, and not by the Probate Practice Act. Third— Had the Legislature intended by the Act in question to require additional publication in all cases arising under the Probate Act some express reference would have been made to it. Fourth—The notice required by the third section of the Act providing for a "State Paper" is a notice which is required to be published *against* some person, evidently referring to cases where there are defendants upon whom service must be made. Fifth—The publication in the State Paper of all notices in proceedings in the Probate Courts, where any of the parties interested reside out of the State, would cause great and needless delay, vexation and expense,

and the idea that the Legislature intended anything of the kind is not to be tolerated, except upon the clearest evidence.

*Seventh*—The Probate Court had power to appoint an attorney to *represent* the respondent, and he was represented on the hearing by virtue of such an appointment.

The attorney appointed by the Court was as much the attorney of the respondent as though he had been actually retained. Therefore, the Probate Court had jurisdiction so far as relates to the respondent. (Probate Prac. Act, Sec. 18; *Stuart* v. *Allen*, 16 Cal. 504.)

*Columbus Bartlett*, for Respondent.

*First*—The same notice is required on petition for probate of an authenticated copy of a will as of an original will. (Pro. Prac. Act, Sec. 28.)

*Second*—Notice on petition for probate of an original will must, in accordance with Section 13 of the Probate Practice Act, be published at least ten days in some newspaper printed in the county. It is clear that, under the law, as it existed prior to the Act of March 29, 1870, the Court would not, without this publication, acquire jurisdiction for the probate of a will.

*Third*—Under the Act of March 29, 1870, providing for a State Paper, in case the heir resides out of the State, notice on petition for the probate of a will must be published in the State Paper; and this publication is as necessary in order to give the Court jurisdiction as publication in a paper printed in the county.

*Fourth*—If the application for the probate of a will and the hearing thereon constitute a civil proceeding, the position last assumed is indisputable; and that they do constitute such a proceeding cannot be made clearer by argument.

WALLACE, J., delivered the opinion of the Court, RHODES, C. J., CROCKETT, J., and SPRAGUE, J., concurring:

The Probate Court of the City and County of San Francisco (having obtained the possession of an authenticated

copy of the alleged will of the deceased, purporting to have been admitted to probate in the proper Court of the State of Nevada) appointed a time for proving the will, pursuant to Section 28 of the Probate Act of this State, and directed "that notice thereof be given by the Clerk by publication for not less than ten days in the '*Daily Examiner*,' a newspaper printed and published daily in said City and County of San Francisco"—which notice was accordingly given in pursuance of the order. Upon the appointed day, the application for probate coming on to be heard, objection was made that George Miller, the father and heir at law of the decedent, resided without the limits of the State of California, and that no notice of the hearing of the application for probate had been published in the *State Paper* of the State of California, to wit: the Sacramento Reporter, and that, therefore, the Probate Court had not acquired jurisdiction to entertain the application for probate. The Probate Court sustained the objection thus made, and entered an order dismissing the application, and from this order the appeal is taken.

We are of opinion that the Probate Court erred in dismissing the application on the ground stated. We think that notice of an application to admit to probate an alleged will under Section 13, or a copy of such will, with an authenticated probate thereof under Section 28 of the Probate Law of this State, is *not* "a summons, notice, or advertisement * * * required to be published as against a non-resident or against a party who may be or is supposed to be absent from, or concealed in the State, whose residence is unknown," within the intent of Section 3 of "An Act authorizing the publication of certain legal notices in a State Paper," etc. (approved March 29, 1870), and that publication of such notice is, therefore, not required by law to be made in the "State Paper."

It results that the notice, as published, was sufficient to enable the Court to proceed to hear the application before it.

The order is, therefore, reversed, and the cause remanded.

TEMPLE, J., being disqualified, did not participate in the decision of this cause.